**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 20 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LARRY D. BUCK,

        Plaintiff-Appellant,

v.

UNIROYAL GOODRICH TIRE
CO., INC.,

        Defendant-Appellee.

No. 96-7122
(D.C. No. CV-96-204)
(E.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **PORFILIO** and **LUCERO**, Circuit Judges, and **MARTEN**,[**] District
Judge.

Plaintiff Larry Buck appeals the order of the district court granting

summary judgment to defendant Uniroyal on his claims brought pursuant to the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101-12213, and

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable J. Thomas Marten, District Judge, United States District
Court for the District of Kansas, sitting by designation.

Oklahoma's worker's compensation retaliatory discharge statute, Okla. Stat. tit. 85, § 5.[1] For substantially the reasons stated by the district court, we affirm.

The district court has thoroughly and accurately recited the pertinent facts of this case, and we will not repeat them here. On appeal, plaintiff contends that there are genuine disputes as to whether he was constructively discharged, whether he was a qualified individual as defined by the ADA, and whether he was retaliated against for filing a workers' compensation claim. The only issue meriting even brief discussion is whether plaintiff resigned or was constructively discharged.

Plaintiff argues he was constructively discharged when Uniroyal refused to settle his workers' compensation case unless his quit his job. We have thoroughly reviewed the record in this case and note, as did the district court, that on three occasions prior to filing this lawsuit, including once under oath, plaintiff stated he had voluntarily resigned his position at Uniroyal. Other than the self-serving statements of plaintiff and his attorney, there is no evidence in the record to contradict the conclusion of the district court that plaintiff has changed his story

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

in an attempt to create a factual issue regarding the termination of his employment.  See Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986).

The judgment is AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge